NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOVEPREET SINGH, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1013 <br><br> Agency No. A208-319-760 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2023**
San Francisco, California

Before: S.R. THOMAS, BEA, and BENNETT, Circuit Judges.

Petitioner Lovepreet Singh, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals ("BIA") which dismissed Petitioner's appeal from the decision of an immigration judge ("IJ") who denied Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and ordered that

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioner be removed from the United States to India. The parties are familiar with the facts and procedural history, so we do not repeat them here. For the reasons stated below, we deny Petitioner's petition for review.

1.  Petitioner's opening brief first argues that the IJ erred when the IJ concluded that Petitioner had voluntarily returned to India after his voyage had ended in Singapore. However, "[w]hen the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review 'is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Singh v. Lynch*, 802 F.3d 972, 974 (9th Cir. 2015) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010)), *overruled in part on other grounds by Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021) (en banc). The BIA expressly declined to adopt the IJ's analysis on this point. Thus, any error by the IJ pertaining to this analysis is irrelevant.

2.  Petitioner next argues that the BIA's internal relocation analysis is not supported by substantial evidence. We review the BIA's internal relocation analysis for substantial evidence. *Singh v. Holder*, 764 F.3d 1153, 1159 (9th Cir. 2014). "Under that standard, the BIA's determination must be upheld if it is supported by reasonable, substantial and probative evidence from the record." *Id*. (quoting *Kumar v. Gonzales*, 444 F.3d 1043, 1049 (9th Cir. 2006)). The BIA's factual findings can be overturned by this court only if the evidence compels the opposite conclusion. *Id*. at 1162.

Substantial evidence supports the BIA's conclusion that Petitioner could relocate to Mumbai or Kolkata because Petitioner lived in Mumbai and Kolkata without persecution for significant periods of time. Petitioner argues that the January 15, 2015, attack by BJP supporters in Mumbai constituted past persecution, but the evidence demonstrates that the attack was an isolated encounter that fails to compel a finding of past persecution. *See Singh v. Garland*, 57 F.4th 643, 655 (9th Cir. 2022). Petitioner argues that Kolkata is unsafe because Petitioner's classmates in Kolkata teased him for being a Sikh, because a classmate tried to start a fight with him, because he was discriminated against in Kolkata, because he was harassed in Kolkata, and because he received threatening phone calls from his persecutors in Punjab. These incidents do not compel a finding of past persecution in Kolkata. *See Singh v. I.N.S.*, 94 F.3d 1353, 1359 (9th Cir. 1996).

Because the government demonstrated that Petitioner could reasonably relocate, the government rebutted the presumption of future persecution, and the BIA was correct to deny asylum and withholding of removal.

3.     Last, Petitioner argues that the past attacks upon him compel a finding that Petitioner is likely to be tortured upon his return to India. However, substantial evidence supports the BIA's conclusion that the past attacks on Petitioner do not rise to the level of torture. Past beatings, even if they rise to the level of past persecution, do not compel the conclusion that Petitioner is likely to be tortured in the future. *Singh v. Whitaker*, 914 F.3d 654, 663 (9th Cir. 2019). The violence

which Petitioner faced in India did not rise to the level of torture, and thus Petitioner failed to carry his burden to prove that he is likely to be tortured upon his return to India.

Because the past attacks against Petitioner do not rise to the level of torture, the BIA was correct to deny CAT relief.

**PETITION DENIED.**

22-1013